UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RONALD M., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 20-CV-0340-CVE-SH |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court is Plaintiff's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act (Dkt. # 28). Plaintiff requests $7,632.80 in attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA). Dkt. # 28, at 2. Defendant filed a response in opposition to plaintiff's motion for EAJA fees (Dkt. # 29), arguing that the Commissioner's position was substantially justified.

On July 15, 2020, plaintiff filed this case seeking judicial review of the decision of the Commissioner of Social Security Administration (SSA) denying his claim for disability benefits. Dkt. # 2. The matter was referred to a magistrate judge for a report and recommendation, and the magistrate judge recommended that the Court reverse and remand the Commissioner's decision for further administrative proceedings. Dkt. # 22. The magistrate judge recommended that the Commissioner's decision be reversed and remanded because the administrative law judge (ALJ) erred by "fail[ing] to adequately develop the record regarding [p]laintiff's alleged learning disabilities and ADHD." Id. at 5. Specifically, despite 1) record evidence substantiating plaintiff's consistent reports of ADHD and dyslexia symptoms; and 2) a state agency psychology consultant's

recommendation to request additional information--including school records--about plaintiff's reported symptoms and impairments (that was apparently never acted on), the ALJ did not ask further questions regarding plaintiff's school records, did not request his school records, and never ordered a consultative examination (CE). Id. at 5-7. Consequently, the magistrate judge found that the ALJ failed to adequately develop the record. Id. at 5. Defendant did not file an objection to the report and recommendation. The Court "independently reviewed the report and recommendation and [saw] no reason to modify or reject it." Dkt. # 23, at 1. Thus, the Court accepted the magistrate judge's report and recommendation, and reversed and remanded the case for further administrative proceedings. Dkt. ## 23, 24.

Plaintiff has filed a motion seeking attorney fees pursuant to the EAJA. Under the EAJA, "a fee award is required if: (1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." Hackett v. Barnhart, 475 F.3d 1166, 1172 (10th Cir. 2007). Defendant does not dispute that plaintiff is a prevailing party and does not assert that there are any special circumstances that would make an award of fees unjust in this case. Dkt. # 29. The only dispute here is whether defendant's position was substantially justified. Id. Defendant bears the burden of showing that her position was substantially justified by proving that her case "had a reasonable basis in law and in fact." Hadden v. Bowen, 851 F.2d 1266, 1267 (10th Cir. 1988); see also Hackett, 475 F.3d at 1172. In other words, defendant must show her position was "justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988). Defendant's "position can be justified even though it is not correct." Id. at 566 n.2.

Defendant argues that the "issue of whether an ALJ should have ordered a consultative examination is a highly individualized and fact-specific question without a bright-line legal rule." Dkt. # 29 at 3. Accordingly, defendant argues that based on the relevant law and facts of this case, "it was reasonable for the Commissioner to rely on the lack of objective medical evidence to argue that the ALJ, in his broad discretion, permissively determined that a mental consultative examination was unnecessary." Id. at 8.

According to the Tenth Circuit, "unlike the typical judicial proceeding, a social security disability hearing is nonadversarial, with the ALJ responsible in every case to ensure that an adequate record is developed during the disability hearing consistent with the issues raised[.]" Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997). The ALJ's duty to adequately develop the record extends to ordering a CE in certain circumstances, including where there is a "conflict, inconsistency, ambiguity, or insufficiency in the evidence [that] must be resolved[.]" Id. at 1167; see also 20 C.F.R. § 416.919a. A CE is normally required where plaintiff adduces "the presence of some objective evidence in the record suggesting the existence of a condition which could have a material impact on the disability decision requiring further investigation." Hawkins, 113 F.3d at 1167. Here, plaintiff cites 1) his alleged ADHD and learning disabilities, including dyslexia and reading comprehension problems, as disabling impairments; 2) mental health treatment records that indicate that plaintiff consistently reported ADHD symptoms; 3) a state agency psychologist's request that plaintiff be contacted regarding whether he received special education services in school and that plaintiff's school records be obtained (there is no evidence in the record that either of these requests were acted on); 4) plaintiff's counsel's note, at the ALJ hearing, that "a field office representative observed [p]laintiff has difficulty understanding and answering questions during the application process"; and

5) plaintiff's counsel's mention at the ALJ hearing that plaintiff received disability benefits as a child. Dkt. # 22, at 5-7. Notwithstanding, the ALJ found that plaintiff's ADHD and dyslexia were not medically determinable and never ordered a CE. Id. at 3-4, 7.

The Court finds that there is ample indication in the record of a conflict, inconsistency, or ambiguity as to plaintiff's alleged disabling impairments--specifically, ADHD and other learning disabilities--that needed to be resolved and required a CE. There is enough evidence to suggest that plaintiff potentially had severe medically-determinable impairments that were not factored into the ALJ's determination of plaintiff's residual function capacity (RFC). Moreover, the ALJ was clearly aware that a CE may be required in this case--during the hearing, plaintiff's counsel questioned why the state disability agency had not ordered a CE, to which the ALJ responded: "I don't understand why [the state agency] didn't [order the CE] either since they can get a CE internal medicine exam. I don't know. . . . but I thought that too." Id. at 6-7. Therefore, the ALJ failed to adequately develop the record by not ordering a CE--despite his apparent awareness that a CE may be required-- where there was a conflict, inconsistency, or insufficient evidence as to plaintiff's alleged disabling impairments that could have a material impact on the ALJ's disability decision. Accordingly, the Court finds that, although the question of whether an ALJ should order a CE may be a highly individualized and fact-specific inquiry, in this particular circumstance, defendant did not meet her burden to show that her position was "justified to a degree that could satisfy a reasonable person." Therefore, plaintiff should be awarded attorney fees under the EAJA. Plaintiff will be awarded attorney fees in the amount of $7,632.80. Further, if plaintiff's counsel is ultimately awarded attorney fees under 42 U.S.C. § 406(b), counsel must refund to plaintiff the smaller of the EAJA award or the § 406(b) award pursuant to Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act (Dkt. # 28) **granted**, and plaintiff shall be awarded attorney fees in the amount of $7,632.80.  A separate judgment is entered herewith.

**DATED** this 1st day of June, 2022.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE